IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>CARLOS TENENGUENO,<br><br>                       Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO RELEASE $7,000 SEIZED IRS TAX REFUND**<br><br>Case No. 2:14-cr-154-DN-BCW-7<br><br>District Judge David Nuffer |

The Defendant Carlos Tenengueno moves to release what he alleges was his wife's tax refund money that was seized on the date of his arrest.[1] Upon careful review and consideration, the Mr. Tenengueno's Motion is DENIED for the reasons set forth below.

### BACKGROUND

On March 26, 2014, the government filed a grand jury indictment that charged Mr. Tenengueno and others with distribution of controlled substances.[2] The indictment contained notice that "named Defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property" directly or indirectly related to the felony.[3] On or about April 2, 2014, $7,554 was seized from the apartment of Mr. Tenengueno and his wife Adriana Lopez in connection with Mr. Tenengueno's arrest.[4] Ms. Lopez's affidavit asserts that the seized currency was neither

---

[1] Motion to Release $7,000 Seized IRS Refund ("Motion"), docket no. 172, filed Oct. 24, 2014.

[2] Sealed Indictment, at 7, docket no. 1, filed Mar. 26, 2014.

[3] *Id.* at 15.

[4] Affidavit of Adriana Lopez in Support of Motion to Release Seized $7,000, at 3, docket no. 172, filed Oct. 24, 2014.

directly nor indirectly related to the charges filed against Mr. Tenengueno and was mostly comprised of the money she received as a tax refund.[5]

Shortly after Mr. Tenengueno filed his Motion, the Government filed its Memorandum in Opposition arguing that Mr. Tenengueno's Motion could not succeed because his case was still at the pre-trial stage.[6] At this point, however, Mr. Tenengueno has pleaded guilty and been sentenced.[7] Nevertheless, Mr. Tenengueno did not follow the procedure Congress established for third-party interests in criminally forfeited property and thus his Motion cannot be granted.

## ANALYSIS

Section 853 of the United States Code outlines the procedure by which a person would assert an ancillary interest in forfeited property:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice [of the order of forfeiture], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.[8]

Because Mr. Tenengueno states that the "$7,000 in seized funds was Ms. Lopez's IRS tax refund,"[9] the statute requires Ms. Lopez, not Mr. Tenengueno, to petition the court for a hearing within thirty days of the final publication of notice or her receipt of that notice. Not only is the

---

[5] *Id.*

[6] United States' Opposition to Motion to Release $7,000 Seized IRS Refund, at 2, docket no. 174, filed Oct. 27, 2014.

[7] Judgment in a Criminal Case, at 1, docket no. 326, filed June 26, 2015.

[8] 21 U.S.C. § 853(n)(2), (3).

[9] Motion, at 1, docket no. 172, filed Oct. 24, 2014.

wrong person asserting Ms. Lopez's legal interest in the seized funds, the Motion makes no reference to an order of forfeiture or a notice of any such order. In addition, § 853(n)(3) sets forth specific requirements "to discourage false or frivolous claims"[10] that Mr. Tenengueno, let alone Ms. Lopez, did not satisfy.

## ORDER

Based upon the findings made from the record, and the clear language of the United States Code, the Defendant's Motion[11] is DENIED.

Signed September 16, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[10] *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1088 (D. Utah 2013).

[11] Docket no. 172, filed Oct. 24, 2014.